# CIRCUIT COURT OF THE CITY OF NORFOLK

Lavar Clark

v.

Donald Nuss

February 28, 2002

Case No. L00-1733

BY JUDGE CHARLES D. GRIFFITH, JR.

This cause came on the Defendant's Special Plea of the Statute of Limitations. The Defendant argues that the Amended Motion for Judgment filed by the Plaintiff, wherein a misnomer relative to the Defendant's name was corrected from "Ronald Nuss" to "Donald Nuss," did not relate back to the filing of the original Motion for Judgment.

The original Motion for Judgment filed against the Defendant and Herbert E. Bevin, III, M.D., was filed on July 31, 2000, within the statute of limitations for proceeding against either party. However, when the original Motion for Judgment was filed, the Defendant, Donald Nuss, was misnamed as "Ronald Nuss." On August 18, 2000, service of the original Motion for Judgment was attempted on "Ronald Nuss," M.D., at 601 Children's Lane, Suite B, Norfolk, Virginia 23507. Service was refused due to the misnomer in the Motion for Judgment. The return of service filed on August 31, 2000, in Norfolk Circuit Court indicated that, when service was refused by the Defendant on August 18, 2000, the Plaintiff was advised that the correct name of the doctor was "Donald Nuss," thereby indicating an awareness by the party whom the Plaintiff attempted to serve that, in fact, "Donald Nuss" was the individual at whom the Motion for Judgment was directed. The Court file reflects that the Plaintiff notified the Defendant on several occasions of the Plaintiff's intention to move to amend the Motion for Judgment to correct the misnomer. These notices were sent by regular mail to the Defendant's address where the original Motion for Judgment was attempted to be served, to wit: 601 Children's Lane, Suite B, Norfolk, Virginia 23507. On February

8, 2001, the Plaintiff served notice of the Plaintiff's intention to move to correct the misnomer in the original Motion for Judgment on February 23, 2001, at 9:00 a.m. This service was accomplished at 601 Children's Lane, Suite B, Norfolk, Virginia 23507, by serving, "at usual place of business or employment during business hours, by delivering the above specified papers and giving information of its purport to the person found there in charge of such business or place of employment. Name of person found there in charge: Patty Spradling, receipt authorized to accept by Donald Nuss." Therefore, the Defendant clearly had notice of the Plaintiff's intent to correct the misnomer in the Motion for Judgment, which, by Order of this Court dated February 23, 2001, was granted by the Honorable Jerome James. Thereafter, the Plaintiff filed the Amended Motion for Judgment on March 27, 2001. Thereafter, on April 9, 2001, personal service was made upon Donald Nuss, M.D., at 601 Children's Lane, Suite B, Norfolk, Virginia 23507.

The Defendant argues that the Amended Motion for Judgment correcting the misnomer cannot relate back to the date of filing the original Motion for Judgment and, therefore, is beyond the limitations prescribed for commencing the action against the party to be brought in by the amendment.

However, as the Defendant notes, the amended version of Virginia Code § 8.01-6 states that such amendment of a pleading to correct a misnomer will relate back to the original motion for judgment if the court finds that, "that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him." Va. Code § 8.01-6.

The Court finds that the evidence of attempted service of the original Motion for Judgment on "Ronald Nuss," clearly shows that the correct defendant, Donald Nuss, was aware of the Plaintiff's effort to serve him with the Motion for Judgment within days after the filing of the original Motion for Judgment. Further, the Court finds that the various attempts to notify and, in fact, serve upon a qualified recipient of service on behalf of the Defendant notice regarding the Motion to correct the misnomer demonstrates that the Defendant was clearly aware of the lawsuit pending against him. Therefore, the Court finds that the Defendant received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and that he should have known that but for the mistake concerning the identity of the proper party that the action would have been brought against him. Therefore, the Defendant's Motion to Dismiss based upon the statute of limitations is denied.

It is so ordered.